UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

WILLIAM E. HENRY,                           )
                                            )        2017 SEP 25 P 2: 33
          Plaintiff,                        )
                                            )        DEBRA P. HACKETT, CLK
v.                                          )        U.S. DISTRICT COURT
                                            )        Case No. MIDDLE DISTRICT AL
                                            )        2:17-CV-638-TFM
STEVEN T. MARSHALL,                         )
in his official capacity as Attorney        )
General of the State of Alabama,            )
MILES M. HART, in his official              )
capacity as Deputy Attorney General         )
for the State of Alabama and                )
Chief of the Special Prosecutions           )
Division;                                   )
                                            )
          Defendants.                       )

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff William E. Henry, commonly known as Ed Henry; is a State

Representative for Alabama's House District 9 ("Plaintiff" or "Rep. Henry"), and does

hereby bring this Complaint against Defendants Miles M. Hart ("Defendant Hart") in his

official capacity as Deputy Attorney General and Chief of the Special Prosecutions

Division for the State of Alabama; and Steven T. Marshall, in his official capacity as

Attorney General of the State of Alabama ("Defendant Marshall") (collectively,

"Defendants"), and alleges,

### INTRODUCTION

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983

challenging the constitutionality, facially and as applied, of Ala. Code §§12-16-214

1

through 226, also known as Alabama's "Grand Jury Secrecy Act".

2.    Alabama's Grand Jury Secrecy Act was enacted in 1979 purportedly to protect the integrity of grand jury investigations. Said act purports to prohibit witnesses from ever revealing their grand jury testimony.

3.    After Alabama's Grand Jury Secrecy Act was enacted, the United States Supreme Court rendered an opinion in *Butterworth v. Smith*, 494 U.S. 624, 110 S.Ct. 1376 (1990) which held a statute prohibiting a grand jury witness from ever disclosing their grand jury testimony violates the First Amendment of the United States Constitution.

The *Butterworth* decision was acknowledged by the Alabama Court of Criminal Appeals in *Mitchell v. State*, 706 So.2d 787, 807 (Ala.Crim.App.1997) which stated, "*Butterworth* stands for the proposition that a grand jury witness is not forever prohibited from disclosing his or her own grand jury testimony after the term of the grand jury has ended." The Alabama Attorney General's Office represented the State of Alabama in *Mitchell*.

4.    Despite the ruling in *Butterworth* and its' involvement in the *Mitchell* case, Alabama's Attorney General's Office has continued to improperly apply Alabama's Grand Jury Secrecy Act to witnesses by threatening them with criminal prosecution for disclosure of their grand jury testimony.

5.    Alabama's Attorney General's office regularly issues grand jury subpoenas, compelling persons to appear and testify before an empaneled grand jury, or

2

face criminal punishment.

6. Upon appearing at the Grand Jury, the witness is warned that:

   a. They are subject to the Grand Jury Secrecy Act;
   b. That all witnesses receive the same warning;
   c. They can never share the substance of their testimony with anyone (except an attorney representing them before the Grand Jury, if applicable);
   d. A violation would be a felony offense; and
   e. People have been prosecuted for violations in the past.

7. The Attorney General's Office will record the testimony of the witness and have it transcribed, but typically will not share that transcript or recording with anyone, including the witness themselves and the criminal defendant against whom charges are brought. By failing to provide copies of grand jury transcripts, these threats made by Alabama's Attorney General's office, which clearly violate the principles enunciated in *Butterworth*, remain sealed from public view and scrutiny.

8. These unconstitutional warnings detailed in paragraph 6 above, which are given to witnesses by members of Alabama's Attorney General's Office, result in silencing critics of their investigations, and allows the Attorney General's Office to have a tactical advantage in criminal prosecutions by preventing criminal defendants from knowing the grand jury testimony of potential witnesses, while the Attorney General maintains a transcript.

9. Plaintiff, William "Ed" Henry, is an elected State Representative representing Alabama's House District 9 and was a subpoenaed witness to a 2014 special grand jury in Lee County, Alabama where he received the warning contained within paragraph 6, above.

10. As a citizen of the United States and State of Alabama and an elected State

3

Representative, Rep. Henry not only has a right to freedom of speech, but a duty to speak out about important issues facing Alabama, including his grand jury testimony.

11.     The free speech rights of Rep. Henry, have been harmed and significantly chilled by the threat of criminal prosecution by the Alabama Attorney General's Office. That harm is continuing. Rep. Henry is facing a credible threat of criminal prosecution if he speaks regarding the details of his grand jury testimony, forcing him to choose between speaking about something he feels strongly about and likely criminal prosecution.  As a result, Rep. Henry has not disclosed details of his grand jury appearance and testimony.

12.     Rep. Henry has called on the Attorney General's Office to release the audio recording and transcript of his grand jury testimony, but they have not complied.

## JURISDICTION AND VENUE

13.     This action arises under the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

14.     This Court has subject matter jurisdiction over Rep. Henry's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

15.     This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 65.

16.     This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(1) because it is believed that at least one of the Defendants reside in the middle district of Alabama. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

4

## PARTIES

17.    Plaintiff, William E. Henry, commonly known as Ed Henry, is an adult resident of the State of Alabama, residing in Morgan County, Alabama. He is an elected Alabama State Representative representing Alabama's House District 9.

Rep. Henry was a subpoenaed witness who was compelled to appear and testify before a 2014 special grand jury for Lee County. Lee County, Alabama is in the Middle District of Alabama.

18.    Defendant Hart, is an adult resident of the State of Alabama. He is a Deputy Attorney General and Chief of the Special Prosecutions Division for Alabama's Attorney General's Office appointed under the authority of Ala. Code §36-15-5.1. He is being sued in his official capacity as such.

Defendant Hart is currently an employee of Defendant Marshall. In 2014, at the time Plaintiff appeared before the Lee County special grand jury, Alabama's Attorney General was Luther Strange and was therefore Defendant Hart's employer.  Strange purportedly recused from the investigation being conducted by the 2014 special grand jury, and therefore W. Van Davis was the Acting Attorney General for whom Defendant Hart was purportedly working while before the 2014 Lee County special grand jury.

19.    Defendant Attorney General Steven T. Marshall is an adult resident of the State of Alabama.

Attorney General for the State of Alabama is an office created by the Alabama Constitution, and is the state officer who "shall appear in the court of . . . the United States in any case in which the state may be interested in the result." See Ala. Code §36-15-1(2). He has a statutory duty to give his opinion on any question of law connected

with the interests of the state or with the duties of any of the departments . . . See Ala. Code §36-15-1(i)(b). Defendant Marshall therefore maintains enforcement authority over the Grand Jury Secrecy Act contained within Ala.Code §§12-16-214 through 225.

While Defendant Marshall was not Attorney General in 2014 at the time of Rep. Henry's grand jury testimony, Alabama law requires that the current attorney general be notified of any constitutional challenges to Alabama law. Ala. Code §6-6-227. Also, as Alabama's Attorney General and Defendant Hart's employer, Defendant Marshall is a party defendant to this lawsuit and will receive the requisite notice via service of process due to his office's enforcement authority over the Grand Jury Secrecy Act.

## GENERAL ALLEGATIONS

20.     Ala. Code §36-15-1 authorizes the Attorney General for the State of Alabama to prosecute criminal cases before the courts of the State of Alabama.

21.     Ala. Code §36-15-13 authorizes the Attorney General for the State of Alabama, and his assistants under his direction, to appear before a state grand jury to present criminal investigations for the grand jury's consideration on whether to issue a criminal indictment. This same statute also authorizes Alabama's Attorney General to issue subpoenas to compel a witness' attendance at grand jury.

22.     Ala. Code §§ 12-16-214 through 12-16-226 was enacted into law in 1979 and is often referred to as "Alabama's Grand Jury Secrecy Act".

23.     Ala. Code§ 12-16-214 purports to state the purpose of the Grand Jury Secrecy Act as follows:

> The Legislature hereby finds, declares and determines that it is essential to the fair and impartial administration of justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain

6

inviolate. The provisions of this division are to be construed for the accomplishment of this purpose and to promote the following:

(1) That grand juries have the utmost freedom in their discussions, deliberations, considerations, debates, opinions and votes without fear or apprehension that the same may be subsequently disclosed, or that they may be subject to outside pressure or influence or injury in their person or property as a result thereof.

(2) That those persons who have information or knowledge with respect to the commission of crimes or criminal acts be encouraged to testify freely and truthfully before an appropriate grand jury without fear or apprehension that their testimony may be subsequently disclosed, or that they may be subject to injury in their person or property as a result thereof.

(3) That those persons who have committed criminal acts or whose indictment may be contemplated not escape or flee from the due administration of justice.

(4) That those persons falsely accused of criminal acts are not subject to public scrutiny or display and their otherwise good names and reputations are left intact.

24.    Ala. Code §12-16-215 provides in pertinent part that:

No . . . past or present grand jury witness . . . shall willfully at any time directly or indirectly, conditionally or unconditionally, by any means whatever, reveal, disclose or divulge or cause to be revealed, disclosed or divulged, any knowledge or information pertaining to any grand juror's questions, considerations, debates, deliberations, opinions or votes on any case, evidence, or other matter taken within or occurring before any grand jury of this state.

25.    Ala. Code §12-16-216 further provides in pertinent part that:

No . . . past or present grand jury witness . . . shall willfully at any time, directly or indirectly, conditionally or unconditionally, by any means whatever, reveal, disclose or divulge or endeavor to reveal, disclose or divulge or cause to be revealed, disclosed or divulged, any knowledge of the form, nature or content of any physical evidence presented to any grand jury of this state or any knowledge of the form, nature or content of any question propounded to any person within or before any grand jury or any comment made by any person in response thereto or any other evidence, testimony or conversation occurring or taken therein. . .

Provided however, the State of Alabama shall not be precluded from using the testimony of a grand jury witness to impeach that witness's testimony in the trial of a criminal case, nor shall the State of Alabama be precluded from using grand jury testimony to prosecute a perjury warrant or indictment, nor shall the State of Alabama be precluded from using grand jury testimony in any manner otherwise permitted by law. Further, provided however, that grand jury evidence and testimony may be presented to grand juries of other circuits and jurisdictions upon the issuance of a proper grand jury subpoena.

26.    Ala. Code §12-16-219 provides:

Any prosecutor, grand jury foreman, or circuit court may require all persons testifying in or before a grand jury to submit to an oath or affirmation of secrecy. The failure of any witness to be so sworn shall not relieve such witness of any criminal liability imposed by this division.

27.    Ala. Code §12-16-225 provides:

Any person violating the provisions of Sections 12-16-215 through 12-16-218 of this division, shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than three years, or fined not more than $5,000.00, or both.

28.    Rep. Henry was first elected to the office of State Representative for Alabama's House District 9 in November 2010, and officially took office in January 2011. He has been re-elected and continues to serve in this capacity at the time of the filing of this complaint.

29.    Rep. Henry was called as a witness and appeared on or about January 24, 2014 before the 2014 special grand jury of Lee County, Alabama regarding the Attorney General's investigation of then Alabama Speaker of the House of Representatives, Michael Gregory Hubbard. This grand jury returned an indictment against Michael Gregory Hubbard, which was prosecuted in the Circuit Court of Lee County in CC 2014-565. This special grand jury's investigation appears to have ended with the issuance of said indictment.

30.     Defendant Hart attended the 2014 special grand jury of Lee County, Alabama on behalf of Alabama's Attorney General's Office in his official position as Deputy Attorney General and Chief if the Special Prosecutions Division of Alabama's Attorney General's Office.

31.     During the course of Rep. Henry's testimony, Defendant Hart warned Rep. Henry that:

> a.  Rep. Henry was receiving the same warning that Defendant Hart gives all grand jury witnesses;
> b.  Rep. Henry is subject to the Grand Jury Secrecy Act;
> c.  Rep. Henry could not ever share his testimony before the special grand jury with anyone;
> d.  Rep. Henry would be committing a felony if he did not heed the warning; and
> e.  That others have been prosecuted for such a violation.

32.     This threat of criminal prosecution by a Deputy Attorney General and the Chief of the Special Prosecution Division of Alabama's Attorney General's Office is an improper and unconstitutional violation of Plaintiff's rights under the First Amendment to the United States Constitution.

33.     This issue has already been settled by the United State Supreme Court in *Butterworth v. Smith*, 494 U.S. 624 (1990), where the Court held that such prohibitions could not be imposed on grand jury witnesses.

34.     The threat of criminal prosecution against Rep. Henry for his constitutionally protected speech, violates his free speech rights as an Alabama citizen and State Representative, and significantly chills his First Amendment-protected speech about issues and matters of public importance and is directly contrary to United States Supreme Court precedent.

35.     This threat by the Attorney General's Office forces Rep. Henry to engage

in self censorship of his desired speech as an Alabama citizen and State Representative.

36.     Rep. Henry desires to reveal public issues and matters of public importance, including issues related to his grand jury testimony. However, he is not free to do so without fear of criminal prosecution due to Defendants' interpretation of Alabama's Grand Jury Secrecy Act and Defendants' threatened application of said laws to Rep. Henry based on the warnings he received from Defendant Hart.

## COUNT I
### First Amendment of the United States Constitution
### Freedom of Speech Challenge to
### Ala. Code §12-16-215
### Against All Defendants

37.     Rep. Henry realleges and incorporates herein by this reference the allegations of paragraphs 1 through 36 above.

38.     Rep. Henry wishes to reveal the knowledge he has regarding the investigation, which ultimately led to an indictment and conviction in Lee County Circuit Court in State v. Hubbard. Rep. Henry's desired speech regarding his grand jury testimony is protected by the First Amendment of the United States Constitution.

39.     Speech about the manner in which government is operated or should operate, political processes and issues of public importance is essential speech protected by the First Amendment.

40.     The government's ability to restrict speech is extremely limited.

41.     Ala. Code §12-16-215 is an improper restriction on Rep. Henry's speech as the statute is written and as applied to him as a grand jury witness in that it prevents

him from ever revealing any "knowledge" or "information" he may have about any grand juror's "questions" and "considerations".

42.    Ala. Code §12-16-215 as the statute is written and as it has been threatened to be applied to Rep. Henry is vague and leaves open to interpretation exactly what conduct it prohibits, and could be interpreted to criminalize the disclosure of Rep. Henry's grand jury testimony.

43.    Ala. Code §12-16-215 does not serve a compelling government interest that justifies the restrictions on Rep. Henry's speech as a grand jury witness.

44.    Ala. Code §12-16-215 is not narrowly tailored.

45.    Ala. Code §12-16-215 is not the least restrictive means of achieving the government's interests it asserts in §12-16-214.

46.    Ala. Code §12-16-215 is overbroad on its face and as it is threatened to be applied because it prohibits constitutionally protected speech and of Rep. Henry, as well as other third parties not before the Court.

47.    Ala. Code §12-16-215 is overbroad on its face and as it is threatened to be applied because it causes Rep. Henry and third parties not before the Court to refrain from constitutionally protected speech.

48.    Ala. Code §12-16-215 is overbroad on its face and as it is threatened to be applied because it prohibits speech that neither affects nor would reasonably be expected to affect the outcome or impair the fairness of any judicial proceeding or interfere with a

11

fair trial or hearing.

49.     Ala. Code §12-16-215 creates an impermissible prior restraint on constitutionally protected speech to the extent it provides a blanket prohibition against disclosure by a grand jury witness of any of that witness's grand jury testimony.

50.     As a direct and proximate result of the Defendants' actions, as alleged herein, Rep. Henry is chilled and deprived of his rights to free speech.

51.     Rep. Henry has suffered and will continue to suffer irreparable harm to his First Amendment rights as a direct result of the Defendants' conduct, and threat of enforcement of Ala. Code §12-16-215 against his speech.

52.     No state forum provides adequate relief from the deprivation of rights and liberties suffered by, Rep. Henry described herein.

53.     Rep. Henry has no adequate remedy at law to satisfy the harm caused to him by operation of Ala. Code §12-16-215 and the Defendants' application and threatened enforcement of same against him.

54.     As detailed above, Defendant Hart has threatened to apply and enforce Ala. Code §12-16-215 against Rep. Henry.

55.     Absent declaratory and injunctive relief, Rep. Henry will continue to face imminent and ongoing threats of substantial and irreparable harm resulting from Ala. Code §12-16-215 and the Defendants' application and enforcement of same.

56.     A properly crafted declaratory judgment and injunction ensuring that the

12

enforcement authority exercised by the Defendants would not enforce Ala. Code §12-16-215 in a manner inconsistent with the First Amendment would redress Rep. Henry's injury and eliminate any unjustified chilling of his speech.

WHEREFORE, Plaintiff prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT II
### First Amendment of the United States Constitution
### Freedom of Speech Challenge to
### Ala. Code §12-16-216
### Against All Defendants

57.    Rep. Henry realleges and incorporates herein by this reference the allegations of paragraphs 1 through 56 above.

58.    Ala. Code §12-16-216 is an improper restriction on Rep. Henry's speech as the statute is written and as applied to him as a grand jury witness in that it prevents him from ever disclosing the "nature or content of any physical evidence presented to any grand jury of this state or any knowledge of the form, nature or content of any question propounded to any person within or before any grand jury or any comment made by any person in response thereto or any other evidence, testimony or conversation occurring or taken therein."

59.    Ala. Code §12-16-216 as the statute is written and as it has been threatened to be applied to Rep. Henry is clear that it would criminalize the disclosure of Rep. Henry's grand jury testimony.

60.    Ala. Code §12-16-216 does not serve a compelling government interest that justifies the restrictions on Rep. Henry's speech as a grand jury witness.

13

61.     Ala. Code §12-16-216 is not narrowly tailored.

62.     Ala. Code §12-16-216 is not the least restrictive means of achieving the government's interests it asserts in §12-16-214.

63.     Ala. Code §12-16-216 is overbroad on its face and as it is threatened to be applied because it prohibits constitutionally protected speech and of Rep. Henry, as well as other third parties not before the Court.

64.     Ala. Code §12-16-216 is overbroad on its face and as it is threatened to be applied because it causes Rep. Henry and third parties not before the Court to refrain from constitutionally protected speech.

65.     Ala. Code §12-16-216 is overbroad on its face and as it is threatened to be applied because it prohibits speech that neither affects nor would reasonably be expected to affect the outcome or impair the fairness of any judicial proceeding or interfere with a fair trial or hearing.

66.     Ala. Code §12-16-216 creates an impermissible prior restraint on constitutionally protected speech as it provides a blanket prohibition against disclosure by a grand jury witness of any of that witness's grand jury testimony.

67.     As a direct and proximate result of the Defendants' actions, as alleged herein, Rep. Henry is chilled and deprived of his rights to free speech.

68.     Rep. Henry has suffered and will continue to suffer irreparable harm to his First Amendment rights as a direct result of the Defendants' conduct, and threat of enforcement of Ala. Code §12-16-216 against his speech.

69.     No state forum provides adequate relief from the deprivation of rights and liberties suffered by Rep. Henry described herein.

70.     Rep. Henry has no adequate remedy at law to satisfy the harm caused to him by operation of Ala. Code §12-16-216 and the Defendants' application and threatened enforcement of same against him.

71.     As detailed above, Defendant Hart has threatened to apply and enforce Ala. Code §12-16-216 against Rep. Henry.

72.     Absent declaratory and injunctive relief, Rep. Henry will continue to face imminent and ongoing threats of substantial and irreparable harm resulting from Ala. Code §12-16-216 and the Defendants' application and enforcement of same.

73.     A properly crafted declaratory judgment and injunction ensuring that the enforcement authority exercised by the Defendants would not enforce Ala. Code §12-16-216 in a manner inconsistent with the First Amendment would redress Rep. Henry's injury and eliminate any unjustified chilling of his speech.

WHEREFORE, Plaintiff prays for relief against Defendants as hereinafter set forth in his prayer for relief.

**COUNT III**
**First Amendment of the United States Constitution**
**Freedom of Speech Challenge to**
**Ala. Code §12-16-219**
**Against All Defendants**

74.     Rep. Henry realleges and incorporates herein by this reference the allegations of paragraphs 1 through 73 above.

75.     Ala. Code §12-16-219 is an improper restriction on Rep. Henry's speech as the statute is written and as applied to him as a grand jury witness in that it requires him to "submit to an oath or affirmation of secrecy." This statute further clarifies that a witness is still subject to "criminal liability" even if they are not sworn under such oath.

76.    Ala. Code §12-16-219 as the statute is written and as it has been threatened to be applied to Rep. Henry is clear that it required Rep. Henry to give an oath of secrecy and further criminalizes the disclosure of Rep. Henry's grand jury testimony.

77.    Ala. Code §12-16-219 does not serve a compelling government interest that justifies the restrictions on Rep. Henry's speech as a grand jury witness.

78.    Ala. Code §12-16-219 is not narrowly tailored.

79.    Ala. Code §12-16-219 is not the least restrictive means of achieving the government's interests it asserts in §12-16-214.

80.    Ala. Code §12-16-219 is overbroad on its face and as it is threatened to be applied because it requires an oath of secrecy which prohibits constitutionally protected speech and of Rep. Henry, as well as other third parties not before the Court.

81.    Ala. Code §12-16-219 is overbroad on its face and as it is threatened to be applied because it requires an oath of secrecy thereby requiring Rep. Henry and third parties not before the Court to refrain from constitutionally protected speech.

82.    Ala. Code §12-16-219 is overbroad on its face and as it is threatened to be applied because it prohibits speech that neither affects nor would reasonably be expected to affect the outcome or impair the fairness of any judicial proceeding or interfere with a fair trial or hearing.

83.    Ala. Code §12-16-219 creates an impermissible prior restraint on constitutionally protected speech as it requires an oath a secrecy which provides a blanket prohibition against disclosure by a grand jury witness of any of that witness's grand jury testimony.

84.     As a direct and proximate result of the Defendants' actions, as alleged herein, Rep. Henry is chilled and deprived of his rights to free speech.

85.     Rep. Henry has suffered and will continue to suffer irreparable harm to his First Amendment rights as a direct result of the Defendants' conduct, and threat of enforcement of Ala. Code §12-16-219 against his speech.

86.     No state forum provides adequate relief from the deprivation of rights and liberties suffered by, Rep. Henry described herein.

87.     Rep. Henry has no adequate remedy at law to satisfy the harm caused to him by operation of Ala. Code §12-16-219 and the Defendants' application and threatened enforcement of same against him.

88.     As detailed above, Defendant Hart has threatened to apply and enforce Ala. Code §12-16-219 against Rep. Henry.

89.     Absent declaratory and injunctive relief, Rep. Henry will continue to face imminent and ongoing threats of substantial and irreparable harm resulting from Ala. Code §12-16-219 and the Defendants' application and enforcement of same.

90.     A properly crafted declaratory judgment and injunction ensuring that the enforcement authority exercised by the Defendants would not enforce Ala. Code §12-16-219 in a manner inconsistent with the First Amendment would redress Rep. Henry's injury and eliminate any unjustified chilling of his speech.

WHEREFORE, Plaintiff prays for relief against Defendants as hereinafter set forth in his prayer for relief.

**COUNT IV**
**First Amendment of the United States Constitution**
**Freedom of Speech Challenge to**
**Ala. Code §12-16-225**
**Against All Defendants**

91.     Rep. Henry realleges and incorporates herein by this reference the allegations of paragraphs 1 through 90 above.

92.     Ala. Code §12-16-225 is an improper restriction on Rep. Henry's speech as the statute is written and as applied to him as a grand jury witness in that it makes the violation of Ala. Code§12-16-215 through §12-16-218 a felony punishable by up to three years in prison and up to a $5,000 fine.

93.     Ala. Code §12-16-225 as the statute is written and as it has been threatened to be applied to Rep. Henry is clear that it makes it a felony for Rep. Henry to ever disclose his own grand jury testimony.

94.     Ala. Code §12-16-225 does not serve a compelling government interest that justifies the restrictions on Rep. Henry's speech as a grand jury witness.

95.     Ala. Code §12-16-225 is not narrowly tailored.

96.     Ala. Code §12-16-225 is not the least restrictive means of achieving the government's interests it asserts in §12-16-214.

97.     Ala. Code §12-16-225 is overbroad on its face and as it is threatened to be applied because it makes any violation of §12-16-215 through 218 a felony.

98.     Ala. Code §12-16-225 is overbroad on its face and as it is threatened to be applied because subjects Rep. Henry and third parties not before the Court to felony prosecution, thereby encouraging them to refrain from constitutionally protected speech.

99.     Ala. Code §12-16-225 is overbroad on its face and as it is threatened to be applied because it makes it a felony to engage in speech that neither affects nor would reasonably be expected to affect the outcome or impair the fairness of any judicial proceeding or interfere with a fair trial or hearing.

100.    Ala. Code §12-16-225 creates an impermissible prior restraint on constitutionally protected speech as it creates a felony for disclosure by a grand jury witness of any of that witness's grand jury testimony.

101.    As a direct and proximate result of the Defendants' actions, as alleged herein, Rep. Henry is chilled and deprived of his rights to free speech.

102.    Rep. Henry has suffered and will continue to suffer irreparable harm to his First Amendment rights as a direct result of the Defendants' conduct, and threat of enforcement of Ala. Code §12-16-225 against his speech.

103.    No state forum provides adequate relief from the deprivation of rights and liberties suffered by Rep. Henry described herein.

104.    Rep. Henry has no adequate remedy at law to satisfy the harm caused to him by operation of Ala. Code §12-16-225 and the Defendants' application and threatened enforcement of same against him.

105.    As detailed above, Defendant Hart has threatened to apply and enforce Ala. Code §12-16-225 against Rep. Henry.

106.    Absent declaratory and injunctive relief, Rep. Henry will continue to face imminent and ongoing threats of substantial and irreparable harm resulting from Ala. Code §12-16-225 and the Defendants' application and enforcement of same.

107.    A properly crafted declaratory judgment and injunction ensuring that the enforcement authority exercised by the Defendants would not enforce Ala. Code §12-16-225 in a manner inconsistent with the First Amendment would redress Rep. Henry's injury and eliminate any unjustified chilling of his speech.

WHEREFORE, Plaintiff prays for relief against Defendants as hereinafter set forth in his prayer for relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.     Issue a judgment declaring that Ala. Code §§12-16-215, 216, 219 and 225 violate the First Amendment of the United States Constitution as written and applied to prevent Grand Jury witnesses from ever speaking about their testimony;

b.     Permanently enjoin the Defendants and their agents from taking any enforcement action against Rep. Henry for revealing his grand jury testimony;

c.     Immediately order the release of the transcript and audio recording of Rep. Henry's testimony before the 2014 Lee County special grand jury;

d.     Permanently enjoin the Defendants or any of their agents from providing inaccurate and misleading warnings to grand jury witnesses that they can never reveal their grand jury testimony or be subject to criminal action and implying that others in their position have been criminally prosecuted;

e.     Award Plaintiff the costs of this action and reasonable attorney's fees as authorized by law including, but not limited to the Civil Rights Attorneys Fees Awards Act and 42 U.S.C. §1988; and

f.     Award such other and further relief as the Court deems is just and proper.

Respectfully submitted this 25th day of September, 2017.

Clayton R. Tartt - ASB#9991C57T
Parkman White, LLP
Attorney for Plaintiff
1929 3rd Ave. N., Suite 700
Birmingham, Al. 36301
Ctartt@parkmanlawfirm.com
205-502-2000

William C. White, II – ASB#-6545H70W
PARKMAN WHITE, LLP
Attorneys for Plaintiff William E. Henry
1929 Third Avenue North; Suite 700
Birmingham, AL 36301
wwhite@parkmanlawfirm.com
205-502-2000

## PLAINTIFF'S VERIFICATION

I, Rep. William E. Henry, state that I have read and reviewed the foregoing complaint regarding the allegations related to my claims and declare under penalty of perjury pursuant that I have personal knowledge of the facts contained herein and that they are true and correct to the best of my knowledge.

Representative William E. Henry, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed ~~via the~~ Clerk of Court ~~Court's ECF filing system~~ and a copy of this Complaint, along with 2 copies of the "Notice of a Lawsuit and Request to Waive Service of a Summons" and 2 copies of the "Waiver of the Service of Summons" and preaddressed stamped envelope for returning the waiver form is being mailed by first class mail to the named Defendants at: State of Alabama; Office of the Attorney General; Post Office Box 300152; Montgomery, AL 36130-0152 in accordance with Federal Rule of Civil Procedure 4 this 25th day of September 2017. Should service not be waived by Defendants within 30 days, Plaintiff's attorney will proceed with the service of a summons on each Defendant.

William C. White, II

Clayton R. Tartt

21